IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL OKPOR, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 12-01319 (JBS/KMW) |
| v. | |
| DALE A. RYKER, et al., | **OPINION** |
| Defendants. | |

**SIMANDLE**, Chief District Judge:

## I.  INTRODUCTION

Plaintiff Michael Okpor, representing himself, has filed a complaint seeking relief from Defendants Dale A. Ryker, Berlin Farmers Market, Hanover Insurance Group, and William Grover for claims relating to an automobile accident and an automobile sale.

The Court has reviewed Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit. (Docket Item 2, Attach. 1.)  Because the Affidavit discloses that Plaintiff is indigent, the Court will permit the Complaint to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915.

The Court is also required by Section 1915 to preliminarily review each complaint filed in forma pauperis and to "dismiss the case at any time if the court determines that...the action... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915

(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

With these principles in mind, the Court turns to its analysis under 28 U.S.C. § 1915(e)(2).

## II.  FACTUAL AND LEGAL ALLEGATIONS

The Court will attempt to outline the facts asserted in the multiple and confusing amended complaints.

The Plaintiff and Defendants Dale A. Ryker and William Grover are New Jersey residents; Defendant Berlin Farmer's Market is located in New Jersey.  (Sec. Am. Compl. at 3.)  Defendant Hanover Insurance Group is located in New York.  (Id.)

On September 6, 2011, the Plaintiff was in an automobile accident with Defendant Ryker, who failed to use the turn signal, did not yield to traffic, and generally drove negligently.  (Sec. Am. Compl. at 4-5.)  After the accident, Defendant Ryker drove

2

away.  (Sec. Am. Compl. at 4.)  As a result of this accident, the Plaintiff suffered severe injuries, lost income, and incurred medical expenses. (Sec. Am. Compl. at 6.)  The Plaintiff's insurance claim was denied because Defendant William Grover engaged in a fraudulent automobile sale.  (Third Am. Compl. at 2-3.)  The Plaintiff seeks $225,000 in damages.  (Third Am. Compl. at 3.)

The Complaint does not explain why the Berlin Farmer's Market and the Hanover Insurance Group are defendants.

## III.  LACK OF SUBJECT MATTER JURISDICTION REQUIRES DISMISSAL

Federal courts are courts of limited jurisdiction, and they must have the power to hear a case.  In re Morrissey, 717 F.2d 100, 102 (3d Cir. 1983). If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Federal courts have jurisdiction over "issues arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  They may also have diversity jurisdiction over disputes between citizens of different states.  28 U.S.C. § 1332. A diversity claim requires complete diversity:  "no plaintiff can be a citizen of the same state as any of the defendants." Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995).

The Complaint does not present any issues of federal law. The Plaintiff's claims are covered by New Jersey state laws, such

as the Careless-Driving Statute, N.J. Stat. Ann. § 39:4-97 (2012); the Action-In-Case-Of-Accident Statute, N.J. Stat. Ann. § 39:4-129 (2012); and the Consumer Fraud Protection Act, N.J. Stat. Ann. § 56:8 (2012).  While the Civil Cover Sheet indicates that this case involves federal and civil rights claims, the Complaint only presents state law issues.  The Civil Cover Sheet is not a pleading, see Fed. R. Civ. P. 7(a), and characterizations of a claim in a Civil Cover Sheet may be disregarded when no such claim is mentioned in the pleadings. See Ka'Anoi v. Kerr, 2008 WL 151022, *1 (E.D. Cal.) (A court must "look beyond the characterization of the complaint [in the civil cover sheet] to the specified conduct.")

        In addition, there is no diversity jurisdiction because the Plaintiff and three Defendants, Dale A. Ryker, William Grover, and the Berlin Farmer's Market, are from New Jersey.

        Because there is neither federal question nor diversity jurisdiction, the Court lacks subject matter jurisdiction and must dismiss the case pursuant to Rule 12(h) of the Federal Rules of Civil Procedure.

**IV.  CONCLUSION**

        For the reasons discussed above, the Court lacks subject matter jurisdiction over this action and will dismiss Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2), for lack of subject matter jurisdiction, without prejudice to Plaintiff's

right to file a complaint in a State court of competent

jurisdiction.  The accompanying order will be entered.


**June 25, 2012**                          **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge